UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT MOGADAM, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE CO., a foreign company (aka: LIBERTY MUTUAL INSURANCE CORPORATION, aka LIBERTY MUTUAL) and JOHN DOE ENTITIES I-X,<br><br>                Defendants. | Case No. 2:14-cv-00224-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pursuant to the Court's Order (Dkt.36), Defendant Liberty Mutual Fire Insurance Co. lodged documents with the Court for *in camera* review to determine if the documents, or redacted portions of the documents, are protected from disclosure by the defendant/insurer in this bad faith action filed by the plaintiff/insured. The Court ordered *in camera* review after both parties submitted briefing on the issues raised regarding the attorney-client privilege in connection with Plaintiff's motion to compel, (Dkt. 18), and the Court conducted a hearing on the matter. For the reasons explained below, the Court

**MEMORANDUM DECISION AND ORDER—1**

finds that some redactions contained within the produced documents at issue are protected by the attorney-client privilege, while other redactions must be disclosed (or un-redacted).

## BACKGROUND

This lawsuit involves claims of breach of contract and bad faith arising from Defendant Liberty Mutual's investigation and denial of Plaintiff Robert Mogadam's claim for stolen property under his home owner's policy.

Mogadam owns a home located in Coeur d' Alene, Idaho, where he lived with his girlfriend Nancy Greene. In early 2012, while Mogadam was out of the country, Greene informed Mogadam she was leaving him and moving back to California. Upon Mogadam's return to his home, he found numerous items missing; primarily his antique furnishings. Mogadam contacted his insurer, Liberty Mutual, and made a claim for theft under his homeowner's policy.

Liberty Mutual assigned the handling of Mogadam's claim to Special Investigations Unit (SIU) investigator, Greg Mason. As part of Mason's investigation, he requested Mogadam submit to an Examination Under Oath (EUO). Mason retained the Thenell Law Group and Jillian Hinman to conduct EUO. The EUO took place April 2, 2013. Then, on April 18, 2013, the Thenell Law group provided Liberty Mutual with an evaluation of Mogadam's claim. *See Thenell Final Status Report*. (Dkt. 18-1 at 16.)

In June of 2013, Liberty Mutual denied Mogadam's claim in its entirety and cancelled Mogadam's Deluxe Policy due to "material misrepresentation in regards to filing a claim." *See Complaint* at XVII, (Dkt. 1-1 at 4.) Mogadam contends Liberty

**MEMORANDUM DECISION AND ORDER—2**

Mutual refused to provide any information, documentation, or clear explanation to support the denial of his claim and the cancellation of his insurance coverage.

On April 11, 2014, Mogadam filed this suit and later sought the production of Liberty Mutual's claim file, and all other documents related to the investigation, handling, and denial of Mogadam's claim.[1] In response, Liberty Mutual produced documents from the claim file, but redacted portions of the file, asserting the attorney-client privilege. In addition, Liberty Mutual withheld documents regarding its SIU unit and Mason, asserting lack of relevance, privacy, and burdensomeness. The parties met and conferred regarding the discovery dispute, but were unable to reach a full resolution.

On August 31, 2015, Mogadam filed a Motion to Compel the disputed documents at issue. (Dkt. 18.) On September 29, 2015, The Court conducted a hearing on the motion, and relying largely upon the decision in *Hilborn v. Metropolitan Group Property & Casualty Insurance Co.*, 2013 WL 6055215 (D. Idaho Nov. 13, 2013), the Court directed Liberty Mutual to submit un-redacted copies of the disputed documents to the Court for an *in camera* review to determine whether the redactions were properly made.[2]

## ANALYSIS

In their briefs, both parties relied upon the Court's decision in *Hilborn* to support their respective positions of whether the redacted portions of the documents at issue are

---

[1] Mogadam filed his Complaint in the First Judicial District of Idaho state court. On June 5, 2014, Liberty Mutual removed the case to the United States District Court for the State of Idaho.
[2] The Motion to Compel (Dkt. 18) also requested the Court to compel other documents withheld by Liberty Mutual, specifically documents in Mason's personnel file. With regard to those documents, the parties recently informed the Court they reached a resolution and no longer need the Court to take up the issue.

**MEMORANDUM DECISION AND ORDER—3**

protected from disclosure by the attorney-client privilege. 2013 WL 6055215. In *Hilborn,* the Court relied upon *Cedell v. Farms Ins. Co. of Wash.*, 295 P.3d 239 (Wash. Sup. Ct. 2013), which set forth the presumption that "there is no attorney-client privilege relevant between the insured and insurer in the claims adjusting process…." *Id.* at 246. However, "the insurer may overcome the presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law." *Id.* And, "upon such a showing, the insurance company is entitled to an in camera review of the claims file, and to the redaction of communications from counsel that reflected the mental impressions of the attorney to the insurance company, unless those mental impressions are directly at issue in its quasi-fiduciary responsibilities to its insured." *Id.*

At issue here are redacted portions of documents contained in Liberty Mutual's claim file, including communications in Mason's claims log and two letters from Liberty Mutual's attorneys.  Two attorneys assisted Liberty Mutual in the denial of Mogadam's claim—Liberty Mutual's outside counsel, the Thenell Law Group, and its in house counsel, John Hartman. Because the presumption of discoverability first requires the Court to determine whether the attorney engaged in a quasi-fiduciary role in connection with investigating or responding to the insured's claim, the Court will analyze the redacted documents separately as they relate to each attorney.

**MEMORANDUM DECISION AND ORDER—4**

**I. Thenell Law Group**

It is undisputed the Thenell Law Group engaged in a quasi-fiduciary role by evaluating and investigating Mogadam's claim and by providing legal analysis to Liberty Mutual. *See Opp. to Pl. Motion to Compel* at 5. (Dkt. 20-5) ("…the Thenell Law Group did engage in the 'quasi fiduciary' tasks of investigating and evaluating or processing the claim…"). However, Liberty Mutual asserts, even though the Thenell Law Group engaged in a quasi-fiduciary role, the information redacted in the documents related exclusively to Thenell Law Group's "legal analysis and opinions regarding whether or not coverage existed under the policy." *Id.* Mogadam argues the entire claim file, including information provided by the Thenell Law Group to Liberty Mutual's claims examiners, is presumptively discoverable. Mogadam asserts all factual information directly at issue in his claim, including facts derived from Thenell Law Group's investigation of his claim, and the mental impressions and opinions of coverage provided in connection with the investigation, are discoverable and not protected by the attorney-client privilege.

"Documents that discuss both coverage and factual matters are [] discoverable, although their coverage discussion is subject to redaction if it has nothing to do with the bad faith claim." *Stewart Title Guar. Co. v. Credit Suisse, Cayman Islands Branch*, 2013 WL 1385264, at *6 (D. Idaho Apr. 3, 2013). Accordingly, the Court will order the disclosure of the content of documents which is (1) sufficiently related to Mogadam's bad faith claim; and (2) related to Liberty Mutual's investigation and evaluation of

**MEMORANDUM DECISION AND ORDER—5**

Mogadam's claim of loss, which Liberty Mutual denied. *See Johnson v. Allstate Prop. & Cas. Ins. Co.*, 2014 WL 4293967, at *6-7 (W.D. Wash. Aug. 29, 2014).

  The Court conducted an *in camera* review of three documents containing information from the Thenell Law Group. First, the Court reviewed documents Bates stamped LM 366 and LM 367. These documents contain entries in Liberty Mutual's internal log of Mogadam's claim. Liberty Mutual redacted portions from entries dated April 10, 2013 and April 20, 2013. The entries were made by Mason and summarized conversations he had with an attorney from the Thenell Law Group, which included certain results from their investigation and legal analyses relating to Mogadam's claim. Because the Thenell Law Group performed quasi-fiduciary duties, these documents are presumed discoverable. These entries were generated as part of the claims adjusting process, and the opinion or strategy relates to that process as well as the investigation of the claim. Accordingly, these entries must be un-redacted.

  Next, the Court reviewed document Bates stamped LM 579-584. This document, dated April 18, 2013, is a final status report from the Thenell Law Group to Mason regarding Thenell's investigation of Mogadam's claim, including the Examination Under Oath of Mogadam, conducted by an attorney with the Thenell Law Group. Because the Thenell Law Group performed quasi-fiduciary duties, this document is presumed discoverable. And, the Thenell Law Group's mental impressions are directly at issue regarding Liberty Mutual's duty to Mogadam. The Court finds Liberty Mutual has mischaracterized the redactions as Thenell's legal advice regarding coverage under the policy. However, Thenell's opinions in this document are not provided as an analysis of

**MEMORANDUM DECISION AND ORDER—6**

the policy issued to Mogadam. In fact, the report indicates the Thenell Law Group did not have or review a copy of the policy issued to Mogadam. Although the redactions include certain analyses of Idaho law, they are relevant to the issues in Mogadam's bad faith complaint and do not provide advice specific to Liberty Mutual's own liability in this matter. The Court finds, therefore, the presumption of discoverability is not rebutted; this document must be produced in its entirety.

## 2. John Hartman

Liberty Mutual argues it can overcome the presumption of discoverability because Hartman was not engaged in any quasi-fiduciary role in handling Mogadam's claim; rather Hartman's sole role was to provide Liberty Mutual with legal advice as to whether coverage existed under the law applicable to the policy language. Mogadam does not argue that Hartman engaged in a quasi-fiduciary role: instead, he contends the redacted portions of the documents (Bates stamped 363 and 576-577) contain information which the Thenell Law Group provided to Hartman. This information, Mogadam asserts, is discoverable if the Court determines the document contains summaries of Thenell Law Group's mental impressions directly at issue with the denial of Mogadam's claim.

The Court finds Liberty Mutual has succeeded in overcoming the presumption of discoverability of documents prepared by and attributed to Hartman "by showing its attorney was not engaged in the quasi-fiduciary tasks…, but instead in providing the insurer with counsel as to its own liability." *Cedell*, 295 P.2d at 246. Unlike the Thenell Law Group that actually investigated Mogadam's claim, Hartman played no role in the investigation. Hartman's involvement appears to be limited to providing Liberty Mutual

**MEMORANDUM DECISION AND ORDER—7**

with advice as to whether coverage existed under the law and the applicable policy language, based on Mason's and the Thenell Law Group's investigation. Accordingly, if Liberty Mutual can demonstrate the attorney-client privilege applies to the letter and the portion of the adjuster's claim log, Liberty Mutual is entitled to redact them. The Court must continue its analysis to determine if the redacted documents are protected by the attorney client privilege.

A party is entitled to redact or withhold documents pursuant to the attorney client privilege by demonstrating the documents contain "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client which were made…between the client or the client representative and the client's lawyer…" I.R.E. 502.  "A communication is 'confidential' if not intended to be disclosed to third persons other than those whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." *Id.*

The Court finds, upon review, the documents at issue which Hartman created or reference his opinion fall within the purview of the attorney-client privilege. The first document, Bates stamped LM 576-577, is a letter dated May 22, 2013, from Hartman to Mason, titled "response to your May 14, 2013 request for legal coverage opinion." The header of the document states in bold: "ATTORNEY CLIENT COMMUNICATION PRIVILEGED AND CONFIDENTIAL DO NOT DISTRIBUTE OR DISSEMINATE." Liberty Mutual redacted portions containing information regarding legal advice on whether coverage exists under the law, details of policy provisions, coverage analysis,

**MEMORANDUM DECISION AND ORDER—8**

and legal recommendations. The header clearly indicates the communication was intended to be confidential, and the information unquestionably relates to Hartman's provision of legal services and advice to his client, Liberty Mutual. Though Hartman makes reference to a portion of the Thenell Law Group's legal analysis in this communication, the reference does not waive the attorney client privilege as it pertains to that communication—the communication was intended to be confidential and there is no indication that the communication was distributed to an outside third-party, which would otherwise waive the privilege. Accordingly, because the redacted portion of the letter, Bates stamped LM 576-577, is protected from disclosure by the attorney-client privilege, the Court will not compel Liberty Mutual to produce an un-redacted copy of the letter.

The second document, Bates stamped LM 363, is an internal log created by Liberty Mutual, which tracked the processing of Mogadam's claim. Redacted is a portion of an entry dated June 10, 2013, made by Mason which summarized a communication he had with Hartman regarding Hartman's legal conclusion and advice on Mogadam's claim—specifically his opinion on whether coverage existed under the policy language and applicable law. The information in this log entry references information contained within the letter from Hartman discussed above (Bates stamp LM 576-577). The communication was intended to be confidential and was made between Hartman, an attorney, and Mason, a representative of his client, Liberty Mutual.[3] Accordingly, the redacted portion of the document Bates stamped LM 363 is protected by the attorney-

---

[3] Mogadam does not challenge Mason's role vis a vis the attorney-client privilege.

**MEMORANDUM DECISION AND ORDER—9**

client privilege and the Court will not compel Liberty Mutual to produce an un-redacted copy of the document.

## CONCLUSION

It its September 29, 2015 hearing, the Court directed Liberty Mutual to submit un-redacted copies of documents at issue to the Court for an *in camera* review. Now that the *in camera* review has been completed, the Court will grant the motion in part and deny it in part in accordance with the rulings summarized above.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Compel (Dkt. 18) is **GRANTED** IN PART AND **DENIED** IN PART as explained above. Liberty Mutual must disclose un-redacted copies of the documents Bates stamped LM 366, LM 367, and LM 579-584 to Mogadam within ten (10) days of the date of this order.

Dated: **October 28, 2015**

Honorable Candy W. Dale
United States Magistrate Judge